EL PUEBLO, DEMANDANTE Y APELADO, *v.* MERCADO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por violación a la sección segunda de la Ley del Trabajo.

No. 1582.—Resuelto en enero 31, 1921.

TRABAJO—USO DE AMENAZAS PARA IMPEDIR EL TRABAJO—DENUNCIA SUFICIENTE—BILL OF PARTICULARS.—Una denuncia por infracción a la sección segunda de la Ley de marzo 1, 1902, relativa al trabajo, en la cual se expresa que las amenazas que hizo el acusado dieron lugar a que cuarenta jornaleros abandonaran sus labores, a falta de una objeción formulada en tiempo, alega su-

ficientemente el objeto de las amenazas pues ella determina que éstas se hicieron con el objeto de impedir que los trabajadores ejercieran libremente sus empleos, por lo que se ajusta al estatuto; y la omisión de los nombres de los cuarenta obreros no hace insuficiente la denuncia; es simplemente un defecto que debió objetarse antes del juicio por medio de moción o de otro modo.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. C. Travecier* (en apelación) y *J. Soto Rivera.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso la denuncia es como sigue:

"Yo, Antonio Dávila, Jefe Distrito P. I., vecino de Gurabo, P. R., calle de Telégrafo, de mayor edad, formulo denuncia contra Ramón Mercado, por delito de violar la sección segunda de la ley relativa al trabajo, aprobada en 1 de marzo de 1902, cometido de la manera siguiente: Que en abril 22 de 1920, hora 7.30 a. m., y en el barrio Hato Nuevo de Gurabo, P. R., del Distrito Judicial del Juzgado de Paz de Gurabo, que forma parte del Distrito Judicial de Humacao, P. R., el referido acusado, voluntaria, maliciosa e ilegalmente, violó la sección segunda de la ley relativa al trabajo, aprobada en primero de marzo de 1902, por la Asamblea Legislativa de Puerto Rico, yendo a la Colonia Buena Vista, sita en el barrio Hato Nuevo de Gurabo, y en el momento que trabajaban en el corte de cañas sesenta peones, los amenazó, diciéndoles que fueran a la huelga y el que no lo hiciera y continuara trabajando sería sentenciado a muerte, esto en actitud violenta y en alta voz, dando lugar a que como cuarenta de los trabajadores que estaban allí abandonaran sus trabajos y se fueran corriendo por la pieza de caña. Siendo este hecho contrario a la ley y para tal caso hecha y prevista."

Ninguna parte de la prueba fué certificada, de manera que la única cuestión envuelta es la suficiencia de la denuncia. La cuestión principal que presenta el apelante, es la de si el objeto de la amenaza quedó suficientemente alegado en dicha denuncia. Sostiene que el empleo de fuerza o amenazas pudo haber sido puesto en práctica si el objeto no era el establecido por el estatuto.

La denuncia expresa que las amenazas dieron lugar al

abandono del trabajo, lo cual a falta de una objeción más específica, determina suficientemente que las amenazas se hicieron ''con el objeto de impedir que libremente ejerzan sus empleos,'' como se define en la ley de marzo primero de 1902, Estatutos Revisados, sección 554.

La otra cuestión presentada en apelación, era que la denuncia no especifica los nombres de las personas que abandonaron su trabajo. Se hizo mención de cuarenta personas en la denuncia y la objeción de que sus nombres no se dieron no convierte sustancialmente en insuficiente la denuncia, sino en meramente defectuosa. El medio de llegar a esto era por moción o de otro modo, antes del juicio, como se indicó en el caso de *El Pueblo* v. *París,* 25 D. P. R. 111.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.